Jeremy W. Katz (SBN: 119418)
Linda Sorensen (SBN: 72753)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Email: lsorensen@pinnaclelawgroup.com
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for Plaintiff
FRED HJELMESET, TRUSTEE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>RICHARD FERGUSON TIPTON,<br><br>Debtor. | Case No.: 11-53640 CN 7<br><br>Chapter 7 |
| FRED HJELMESET, Chapter 7 Trustee of the bankruptcy estate of Richard Ferguson Tipton, Debtor,<br><br>Plaintiff,<br>v.<br><br>LITKE O'FARRELL, LLC,<br><br>Defendant. | **Adversary Proceeding No. 12-05233**<br><br>**STIPULATION FOR JUDGMENT** |

Now come Plaintiff FRED HJELMESET, TRUSTEE (the "Trustee" or "Plaintiff") and Defendant LITKE O'FARRELL, LLC ("Litke" or "Defendant"), and stipulate as follows, requesting that the Court approve the same as the Judgment of the Court in this adversary proceeding.

RECITALS:

1. Richard Ferguson Tipton (the "Debtor") filed a voluntary petition for relief under chapter 11, Title 11 of the United States Code on April 18, 2011 (the "Petition Date"), in the United States Bankruptcy Court for the Northern District of California, San Jose Division (the

"Bankruptcy Court"). The case was converted to a chapter 7 on March 12, 2012, and the Trustee was appointed.

2. Litke O'Farrell, LLC, is a limited liability company doing business in the State of California. Litke has filed Proof of Claim # 29 herein, claiming $732,767.33 in total, which is premised on a judgment entered on August 24, 2009, in a matter entitled Litke O'Farrell, LLC v. American Hotels, Inc., Crown Management Inc., Richard Tipton, et al, San Francisco County Superior Court Case No.: CGC-07-464972 ("State Court Judgment"). Except as specifically stated herein, nothing in this Stipulation or in the resulting Judgment entered in this adversary proceeding affects the State Court Judgment, Litke's rights and remedies relative to the State Court Judgment, or Litke's liens relative to the State Court Judgment, including the Abstracts of Judgment referenced in Litke's Proof of Claim No. 29.

3. On March 11, 2011, Litke obtained a charging order pursuant to the State Court Judgment and by which it bases its claims to Debtor's interests in partnerships and other entities (the "Charging Order") by way of a motion served within the 90 days prior to the Petition Date. Pursuant to the State Court Judgment Litke also levied on funds in various bank accounts pursuant to levies.

4. The Trustee is in in process of administering assets that the Charging Order was intended to reach. The Trustee is also in process of investigating and potentially administering tax refunds and/or causes of action arising from the disposition of tax refunds in which the Debtor has or had an interest.

5. The Trustee commenced the within Adversary Proceeding (the "Adversary Proceeding") on December 7, 2012, seeking to invalidate and/or recover any liens or other transfers obtained by Litke during the 90 days prior to the Petition Date, and to resolve any disputes regarding Proof of Claim #29 or any other claim Litke might assert in the Case.

6. The Trustee and Litke desire to resolve the issues that were or could have been included in the Adversary Proceeding, and to resolve what assets the Trustee would administer as free assets not subject to any claim of lien by Litke, on the one hand, and what assets, if any,

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
2023.008

would be pursued by Litke with relief from the automatic stay granted for it to do so. The Trustee investigated Claim #29 and became satisfied that it complied with the "cap" on lease damages.

NOW THEREFORE, the parties hereby stipulate as follows:

Trustee shall have judgment against the Defendant pursuant to 11 U.S.C. 547 avoiding the lien of the Charging Order, and preserving the avoided lien for the benefit of the estate, as to any otherwise affected asset not abandoned or exempted from the estate.[1] The parties acknowledge that this relief affects the assets scheduled by Debtor in his Amended Schedule B, subsections 13 and 14, filed May 15, 2012 [ECF # 72], attached hereto for convenience (the "Affected Assets");

This relief includes an order authorizing sale of the Affected Assets free and clear of any lien of Litke a declaration that Litke's Charging Order lien therein is void against the Trustee's interest in the Affected Assets, and a declaration that the Affected Assets and their proceeds may be administered by the Trustee as free and clear of any liens claims by Litke;

Any proceeds of Debtor's interests in the Affected Assets shall be turned over by the managers of such Affected Assets and/or holder(s) of such monies, to the Trustee, including without limitation the distribution from Firestone Lodge Partners;

Litke shall have no lien claim against assets that the Trustee recovers from third parties including but not limited to Marcia Tipton through exercise of avoiding powers granted to the Trustee by law;

No money judgment shall be granted against Litke on account of prepetition bank levies or pursuant to 11 U.S.C. 362 for actions taken prior to execution of this Stipulation;

Tax refunds in which Debtor has or had an interest, and causes of action arising from their disposition, are not subject to any lien of Litke;

Litke shall have relief from the automatic stay to enforce its judgment as against accounts receivable, tangible chattel paper, equipment, farm products, inventory, and negotiable documents of title (except registered vehicles and vessels);

The Trustee withdraws the objection to Litke's Claim No. 29 with prejudice; and

---

[1] This stipulation and the judgment to be entered pursuant hereto does not purport to resolve any rights between Litke and Debtor concerning exempted property.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104

The parties shall bear their own costs of the Adversary Proceeding, including attorney's fees.

DATED: March 4, 2013          PINNACLE LAW GROUP LLP


                              By: /s/ Linda Sorensen
                                  LINDA SORENSEN, Attorneys for Plaintiff
                                  FRED HJELMESET, TRUSTEE

DATED: March 4, 2013          ROSSI, HAMERSLOUGH, REISCHL AND CHUCK


                              By: /s/ Richard B. Gullen
                                  RICHARD B. GULLEN, Attorneys for Defendant
                                  LITKE O'FARRELL, LLC

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104

2023.008                              4                        STIPULATION FOR JUDGMENT

In re Richard Ferguson Tipton _____,  Case No. 11-53640
                Debtor(s)                                    (if known)

## SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband–H Wife–W Joint–J Community–C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 6. Wearing apparel. | | Clothing and shoes<br>Location: In debtor's possession | | $1,175.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Sports/Hobby Equipment<br>Location: In debtor's possession | | $1,000.00 |
| | | Term Life Insurance - Northwestern Mutual ($500,000); Payor: Tipton Management Company; Beneficiary Tipton Metro, LLC.<br>Location: In Tipton Management Company's possession | | $0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | American Hotels, Inc.<br>Company defunct | | $0.00 |
| | | Columbiana Development, Inc.<br>15% interest<br>0 Assets - out of business since 2008<br>Location: In debtor's possession | | $0.00 |
| | | JSW Financial, Inc.<br>33% interest<br>In bankruptcy | | $0.00 |
| | | JSW Homes, Inc.<br>33% interest | | $0.00 |

Page 2 of 7

In re Richard Ferguson Tipton , Case No. 11-53640
Debtor(s) (if known)

## SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | | Abandoned<br><br>Tipton Management Company*<br>50% interest*<br>Equity -$140K<br>YTD loss $20K<br><br>Location: P.O. Box 60221<br>Palo Alto, CA 94306 | | $0.00 |
| | | 1144 El Abra, LP, defunct<br>14.85% interest | | $0.00 |
| | | 1197 Crescent Drive, LP, defunct<br>14.85% interest | | $0.00 |
| | | 1263 Richardson LLC, defunct | | $0.00 |
| | | 2400 Lansford Avenue, LP, defunct<br>14.85% interest | | $0.00 |
| | | 3654 Highland Avenue, LLC, defunct<br>14.85% interest | | $0.00 |
| | | 3870 Magnolia Drive, LP, defunct<br>14.85% interest | | $0.00 |
| | | 498 Fulton Street, LP, defunct<br>14.85% interest | | $0.00 |
| | | 700 Chimalus Drive, LP, defunct<br>14.85% interest | | $0.00 |
| | | 941 Michigan Avenue, LP, defunct<br>14.85% interest | | $0.00 |
| | | DCL, LLC, defunct<br>33.3% interest | | $0.00 |
| | | Emerson Management LLC*<br>50% Interest* | | $3,300.00 |

Case: 12-05233  Doc# 72  Filed: 03/07/13  Entered: 03/07/13 14:59:45  Page 63 of 189

In re _Richard Ferguson Tipton_ ,  Case No. _11-53640_
                Debtor(s)                                         (if known)

## SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband–H Wife–W Joint–J Community–C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Company has one contract<br>Equity $6.6K<br>Location: P.O. Box 60221<br>Palo Alto, CA 94306 | | |
| | | Firestone Lodge Partners - General Partnership*<br>1.5% interest*<br>Equity $1 million<br>Location: 2596 Bay Road, #A<br>Redwood City, CA 94063 | | $15,000.00 |
| | | Gilroy Ramada Partners - General Partnership*<br>9% General Partner interest*<br>Equity $627K<br>Location: 2596 Bay Road, #A<br>Redwood City, CA 94063 | | $56,000.00 |
| | | Hayward Partners - General Partnership*<br>12.5% general partner interest*<br>Capital Account -$20K<br>Location: 981 Calle Negocio, Suite 200<br>San Clemente, CA 92673 | | $0.00 |
| | | Isabelle Court, LP, defunct<br>14.85% interest | | $0.00 |
| | | Metropolitan Hotel, LLC*<br>50% interest*<br>Equity -$50K<br>Location: P.O. Box 60221<br>Palo Alto, CA 94306 | | $0.00 |
| | | Sequoia Main Street., LLC*<br>14.5% interest* | | $74,000.00 |

Case: 12-05243  Doc# 72  Filed: 03/07/13  Entered: 03/07/13 14:55:04  Page 74 of 89

In re _Richard Ferguson Tipton_ , Case No. _11-53640_
Debtor(s) (if known)

## SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband-H Wife-W Joint-J Community-C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Equity $510K<br>Location: 2596 Bay Road. #A<br>Redwood City, CA 94063 | | |
| | | Tipton Metro, LLC*<br>50% interest*<br>Equity -$270K<br>Location: P.O. 60221<br>Palo Alto, CA 94306 | | $0.00 |
| | | Topping Way, LP, defunct<br>24% interest | | $0.00 |
| | | Toyon Group, LP, defunct<br>14.85% interest | | $0.00 |
| | | PLEASE NOTE: On January 18, 2011, pursuant to a marital settlement agreement executed on said date, an equal share of interest in all of the assets marked with an "*" after the word "interest" in 13 and 14 above was transferred by debtor to Marcia Tipton, thus effectuating a 50/50 split of that part of the community property existing at the time. | | $0.00 |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Shareholder Loan to Tipton Management Company<br>Likelihood of repayment: None as Tipton Management Company's equity is approximately -$140,000.00.<br>Location: At Tipton Management Company | | $0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the | X | | | |

Case: 12-05233 Doc# 72 Filed: 03/07/13 Entered: 03/07/13 14:59:04 Page 8 of 9
Case: 11-55640 Doc# 76 Filed: 03/07/13 Entered: 03/07/13 21:55:20 Page 85 of 189